# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

In re: KATHLEEN M. GALLAGHER,

    Debtor/Plaintiff-Appellant,

-vs-

KENNETH W. GORDON, TRUSTEE,

    Defendant-Appellee.

OPINION & ORDER

09-CV-6425-CJS

## APPEARANCES

For Appellant:    David H. Ealy, Esq.
Trevett Cristo Salzer & Andolina, P.C.
Two State Street, Suite 1000
Rochester, NY 14614
(585) 454-2181

For Appellee:    Kenneth W. Gordon, Esq.
Gordon & Schaal, LLP
1039 Monroe Avenue
Rochester, NY 14620
(585) 244-1070

## INTRODUCTION

**Siragusa, J.** This is an appeal from an Order of the Bankruptcy Court for the Western District of New York entered on July 21, 2009, granting summary judgment to Trustee Kenneth W. Gordon ("Trustee") and denying a cross-motion for summary judgment against the Trustee on the complaint filed by Kathleen M. Gallagher ("Debtor") in an adversary proceeding (No. 2-09-02014-JCN) before the Bankruptcy Court. The complaint sought recovery of funds paid by the County of Monroe ("Monroe County") to the Trustee upon the latter's demand. For the reasons stated below, the Bankruptcy Court's Order is reversed, and the case is remanded to that Court for further proceedings.

## FACTUAL BACKGROUND

On September 30, 2007, Debtor paid $6,600.79 to the Monroe County treasurer for real estate taxes on her home. On October 30, 2007, Debtor filed for a Chapter 7 bankruptcy, and at the creditors' meeting held on November 27, 2007, the Trustee questioned the Monroe County payment, listed on Debtor's schedule. The Trustee said he would investigate the payment as a possible preference. Debtor's counsel, though, objected, maintaining that since the payment was to a fully secured creditor, it was not a preference. (Transcript (Nov. 27, 2007) at 8–9.)

On November 28, 2007, the Trustee sent a letter to Monroe County demanding that it remit to him the $6,600.79 tax payment, based his contention that the payment amounted to a preference under the Bankruptcy law. The letter stated, in pertinent part:

> I am the Chapter 7 Trustee who has been appointed administer assets above-referenced bankruptcy estate. The above-referenced debtor filed for Chapter 7 Bankruptcy on October 30, 2007. At the debtor's 341 Meeting I was advised that the debtor made payment to you on September 30, 2007 for Delinquent Taxes in the of $6,600.79. *This payment by debtor for prior services rendered constitutes a preferential transfer*, as payment was made within 90 days prior to when she filed for bankruptcy. *It is my responsibility to recover these funds from you* for distribution to all creditors of the debtor on a pro rata basis. Please have your office remit $6,600.79 to me as Chapter 7 Trustee no later than December 21, 2007.

(Letter from Kenneth W. Gordon, Chapter 7 Trustee, to Monroe County Treasury (Nov. 28, 2007) 1. (emphasis added).) Monroe County, without protest, or notice to Debtor, paid the amount demanded and, consequently, debited Debtor's real property tax account in the sum of $6,600.79. This created a deficiency and a negative escrow balance for Debtor's mortgage account.

Debtor filed a complaint against the Trustee and Monroe County in an adversary proceeding before the Bankruptcy Court alleging three causes of action: (1) that Monroe

County's payment to the Trustee was based on an "invalid claim of preference, was entirely improper, and resulted in unjust enrichment to the Chapter 7 estate"; (2) Monroe County is estopped from recovering penalties and interest for nonpayment and Debtor is entitled to a credit of $1,073.03 as a result; and (3) Debtor is entitled to recover sanctions against the Trustee as a result of his invalid claim of preference. (Compl. ¶¶ 10–32.)

In his motion before Bankruptcy Court, the Trustee sought to dismiss the complaint on the ground that it was without legal basis, since the Debtor sought to overturn a voluntary settlement payment made by Monroe County to the Trustee. Moreover, the Trustee sought dismissal contending that, in any event, the complaint against Monroe County for making the payment would need to be pursued in state court. Finally, the Trustee maintained that no grounds existed for the Bankruptcy Court to direct the Trustee to return the settlement payment to Monroe County, or pay it to Debtor. (Gordon Aff. ¶¶ 6–8.) In opposing the Trustee's motion, and in support of her own cross-motion for summary judgment, Debtor argued that:

> It is axiomatic that a payment made an over-secured creditor within 90 days of a bankruptcy filing cannot be recovered by the Trustee as a preference pursuant to 11 U.S.C. § 547. *In re Southern Air Transport, Inc.*, 511 F.3d 526, 533 (6th Cir. 2007); *In re C-L Cartage Co., Inc.*, 899 F.2d 1490, 1493 (6th Cir. 1990); *See also In re Rocor Intern., Inc.*, 380 B.R. 567, 571 (10th Cir. BAP 2007); *In re 360nettworks USA Inc.*, 327 B.R. 187, 190 (Bankr. SDNY 2005); 5 Lawrence P. King, *et al.*, Collier On Bankruptcy § 547.03[7].
>
> Notwithstanding clear legal authority to the contrary, the Trustee made demand upon the County of Monroe for turnover of the funds paid by the debtor to the Monroe County Clerk in respect of real property taxes within 90 days of the filing of the Chapter 7 case. In reliance upon the Trustee's authority, without any detriment to its interests (as a fully secured creditor), and without notifying plaintiff or her counsel, the County of Monroe remitted funds on the plaintiff's account, to the Trustee, immediately upon the Trustee's demand.

> The Trustee is now holding the amount of $6,600.79 which he obtained improperly, and which he refuses to return without legal or factual basis therefore. It would be completely inequitable and unfair to require the debtor to proceed to recover the same amount from the County who in good faith paid it over to the Trustee, when the Trustee in fact still retains the funds.

(Early Aff. ¶¶ 8–10.)

In its decision, the Bankruptcy Court determined that the Debtor's payment to Monroe County was not a preference (Transcript (Jul. 15, 2009) 5:6–7), that "[t]he Court has discretion…[i]t's not a legal question in terms of your adversary proceeding," and that the Court had no basis "to exercise its discretion to reverse this situation or cause the trustee to pay over those moneys to the debtor" (*Id*. 9:15–18). Now on appeal, Debtor raises the following issue:

> Did the Bankruptcy Court err in dismissing the Plaintiff's complaint for failure to state a cause of action upon which relief may be granted. The Bankruptcy Court's decision to grant a motion to dismiss for failure to state a cause of action is a ruling of law subject to de novo review on appeal. *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007); *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001).

## STANDARDS OF LAW

### *Bankruptcy Appeal Standard of Review*

When reviewing bankruptcy appeals, the district court must review conclusions of law *de novo* and apply the "clearly erroneous" standard to the bankruptcy court's findings of fact. *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990); *In re Nemko, Inc.*, 202 B.R. 673 (E.D.N.Y. 1996). Procedurally, the Court may not apply a rule inconsistent with Bankruptcy Rules 8001-8017. *See* Bankruptcy Rule 8018. Bankruptcy rule 8013 addresses the standard of review regarding findings of fact and reads, in pertinent part,

> On appeal the district court…may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether

> based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Bankruptcy Rule 8013.

*Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[1] A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

---

[1] Federal Rule of Civil Procedure 56 applies in adversary proceedings. Bankr. R. 7056.

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc*., 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S. Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

*Assumpsit*

> Under New York common law, a claim
>
> for money had and received is a contract implied in law. Although the action is recognized as an action in implied contract, the name is something of a misnomer because it is not an action founded on contract at all; it is an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another (*Miller v Schloss*, 218 NY 400, 406-407). It allows plaintiff to recover money which has come into the hands of the defendant "impressed with a species of trust" (*see Chapman v Forbes*, 123 NY 532, 537) because under the circumstances it is "'against good conscience for the defendant to keep the money'" *(Federal Ins. Co. v Groveland State Bank*, 37 NY2d 252, 258, quoting from *Schank v Schuchman*, 212 NY 352, 358). The remedy is available "if one man has obtained money from another, through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass" *(Miller v Schloss, supra*, p 408). The action depends upon equitable principles in the sense that broad considerations of right, justice and morality apply to it, but it has long been considered an action at law (*see Roberts v Ely*, 113 NY 128; *Diefenthaler v Mayor of City of N. Y.*, 111 NY 331, 337). An action for money had and received has been permitted against a public body in instances where plaintiff has paid money by mistake, money has been collected for an illegal tax or assessment, *or property is erroneously taken or withheld by a public official* (*McDonald v Mayor of City of N. Y.*, 68 NY 23, 29, *supra*.; *see, e.g., Niagara Mohawk Power Corp. v City School Dist.*, 59 NY2d 262; and *New York R. T. Corp. v City of New York*, 275 NY 258, 264, *aff'd* 303 US 573 [recovery of taxes paid under compulsion of an unconstitutional tax levy]; *County of Oneida v First Citizens Bank & Trust Co.*, 264 App Div 212 [action by a county and its treasurer against a depositor bank to recover funds deposited in a self-insurance plan which were fraudulently paid to third parties]).

*Parsa v. State*, 64 N.Y.2d 143, 148–49 (1984) (emphasis added). As the Circuit Court, Southern District of New York[2] stated: "Whenever one person has in his hands money equitably belonging to another, the law implies a promise to pay it over, and he to whom

---

[2]Circuit Courts, established by the Judiciary Act of 1789, were abolished in 1912, under the Judicial Code of 1911. Federal Judicial Center, History of the Federal Judiciary, U.S. Circuit Courts and the Federal Judiciary, available at http://www.fjc.gov/history/home.nsf/page/cc_bdy (last checked Mar. 18, 2010).

it belongs may recover it by assumpsit for money had and received." *Wallis v. Shelly*, 30 F. 747, 748 (C.C.N.Y. 1887).

**ANALYSIS**

Debtor seeks to overturn the Bankruptcy's Court's decision denying her summary judgment and granting summary judgment to the Trustee. She has characterized her adversary action before the Bankruptcy Court as one sounding in assumpsit for money had and received. Although not as thoroughly developed before the Bankruptcy Court as on this appeal, the Court finds that Debtor did in essence make such argument in the bankruptcy proceeding.

The Trustee, relying on the authority of *In re Steven D. Borowiec*, No. 07-04258 B (Bkrtcy. W.D.N.Y. Bank. Nov. 5, 2008), maintains that he was entitled to retrieve the tax payment to Monroe County since it "constituted a prima facie preference voidable by the Trustee under Section 547 of the Code." (Trustee Mem. of Law 2–3.) He also contests what he characterizes as Debtor's claim that the funds she paid to the County in fact belonged to her. (*Id*. 4.) The Trustee does not dispute that Monroe County was a secured creditor.

Debtor attached a copy of *Borowiec* case, upon which the Trustee relies. In *Borowiec*, Chief Judge Bucki held that since the check the debtor gave to the Town of Hamburg did not clear his account until *after* he filed for bankruptcy, the money was actually, at the time of transfer, property of the bankruptcy estate per 11 U.S.C. § 521(a)(4) and was should have been paid to the Trustee per § 521(a)(1). Judge Bucki specifically determined that "the debtor has not violated any duty to the bankruptcy estate…. Nonetheless, Mr. Borowiec retains the benefit of the transfer, in that he enjoys an

enhancement in the value of his exempt homestead." *Id*. 4. Consequently, the court ordered the debtor to pay to the Trustee the value of the property the bank transferred.

The basis for the decision in *Borowiec* was that the transfer was actually effected *after* the money in the bank account became property of the bankruptcy estate. In the case before the Court, the situation is different. The property transferred to Monroe County was never part of the bankruptcy estate since, at the time of filing for bankruptcy, the money was already out of Debtor's possession.

Moreover, the Court rejects the Trustee's argument that the transfer was a prima facie voidable preference. In support of this argument, the Trustee cites only to the statute, 11 U.S.C. § 547. It is clear from case law that the Trustee bears the burden of proving each element of a preference. *In re 360nettworks (USA) Inc.*, 327 B.R. 187, 190 (Bkrtcy. S.D.N.Y. 2005). It is equally clear that "[u]nder § 547(b)(5), a transfer to a fully secured creditor is immunized from preference attack because the creditor would have been paid in full in a hypothetical Chapter 7 liquidation by virtue of its realization on its collateral." *Id.*, at 190. Consequently, since, as the Bankruptcy Court determined in its decision granting summary judgment to the Trustee, the transfer was not voidable as a preference, the Trustee had no basis to demand payment of the money from Monroe County.

The Bankruptcy Court characterized the summary judgment motions pending before it as requiring a discretionary decision. However, although the standard under New York assumpsit requires the application of equitable principles, assumpsit is a legal claim, not an equitable one, and as such, its resolution requires a legal analysis of the competing claims, which the Bankruptcy Court did not have occasion to do. Therefore, the Court finds that the Bankruptcy Court erred in granting summary judgment to the Trustee and denying

summary judgment to Debtor as a matter of discretion, rather than analyzing the legal claims of each party under the summary judgment standard outlined above.

**CONCLUSION**

The decision of the Bankruptcy Court, granting summary judgment to the Trustee and denying summary judgment to Debtor, is reversed. This case is remanded to the Bankruptcy Court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

Dated: May 30, 2010
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge